# 2001 DTA 174

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ**
**PANEL I**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

EDUARDO RODRIGUEZ CABRERA
Recurrido

Núm. KLCE-00-01407

San Juan, Puerto Rico, a 23 de mayo de 2001

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo

López Vilanova, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Procurador General recurre de la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, que determinó que contra el aquí recurrido no procede una alegación de reincidencia habitual. Ello, por entender que el acusado, no sólo debe haber cometido previamente dos o más delitos graves en tiempos diversos e independientes, sino que las sentencias por tales delitos deben haberse dictado en fechas diferentes. Evaluado el escrito, ordenamos la comparecencia del recurrido. Este compareció, por lo que estamos en posición de resolver. Veamos los hechos.

**I**

El Ministerio Público presentó siete (7) acusaciones contra el recurrido Eduardo Rodríguez Cabrera imputándole siete (7) cargos por escalamiento agravado (Art. 171 del Código Penal). En las acusaciones se alegó que el acusado era reincidente habitual porque había sido convicto y sentenciado anteriormente por dos o más delitos graves cometidos en tiempos diversos e independientes unos de otros. Los casos por los que fue convicto previamente fueron el IDP960266 y el IDPG0281 por escalamiento agravado. Estos escalamientos fueron cometidos, uno el 27 de marzo de 1996 y otro el 29 de marzo de 1996, y no tenían relación alguna entre sí. Ambos casos de escalamiento fueron procesados por separado. Los casos fueron posteriormente consolidados para que el acusado hiciera alegación de culpabilidad en ambos cargos. El 10 de octubre de 1996, fue condenado a cumplir ocho años de cárcel en cada uno de los casos. Estos hechos no están en controversia y fueron tomados como ciertos por el Tribunal de Primera Instancia en la resolución recurrida.

El día del juicio de los nuevos casos de escalamiento, la defensa del recurrido planteó que era improcedente la alegación de reincidencia habitual. El Tribunal le ordenó a ambas partes que presentaran memorandos de derecho en apoyo de cada posición. La defensa presentó su memorando en el cual sostuvo que no procedía la alegación de reincidencia habitual, debido a que las sentencias de las convicciones previas fueron dictadas el mismo día, y el Artículo 61 del Código Penal que rige la delincuencia habitual requiere, para que se configure la delincuencia habitual, que el acusado haya sido convicto y sentenciado por dos o más delitos graves cometidos en tiempos diversos e independiente unos de otros y cometiere posteriormente cualesquiera de los delitos allí enumerados o sus tentativas. La posición de la defensa es que el requisito de "*tiempos diversos e independientes*" aplica no sólo a la comisión de los hechos, sino al acto de sentencia y que, por lo tanto, como el aquí recurrido fue sentenciado por los delitos previos el mismo día, ello impide la alegación de delincuencia habitual.

Por su parte, el Ministerio Público sostuvo en su escrito que para que se configure la reincidencia habitual, lo determinante es la fecha en que se cometieron los delitos previos y no la fecha de la sentencia.

En su resolución de 9 de noviembre de 2000, el Tribunal de Primera Instancia resolvió que para que proceda la alegación de delincuencia habitual debe haber una primera convicción y sentencia por delito o delitos graves y, subsiguientemente, otra convicción y sentencia por delito o delitos graves para que en la tercera convicción por delito o delitos graves el convicto pueda ser sentenciado bajo las disposiciones de la delincuencia habitual. Es de ese dictamen que se recurre ante nos.

**II**

Existe reincidencia cuando la persona que ha cometido un delito grave incurre nuevamente en otro delito

grave. En ese caso, al ser sentenciada por el segundo delito se aumentará en la mitad la pena estatutaria fijada para ese delito. Nevares-Muñiz, Dora, *Derecho Penal Puertorriqueño*, Parte General, 2da. Ed. Rev., Instituto para el Desarrollo del Derecho, Inc. (1994), a la pág. 380.

El Código Penal en su Artículo 61, 33 L.P.R.A. sec. 3301, dispone las circunstancias que activan la determinación de grado de reincidencia habitual:

*"(a) [...]*

*(1) [...]*

*(2) [...]*

*(3) [Habrá reincidencia habitual cuando el que ha sido convicto y sentenciado por dos o más delitos graves cometidos en tiempos diversos e independientes unos de otros, cometiere posteriormente cualquiera de los siguientes delitos o sus tentativas [...] escalamiento agravado, apropiación, ilegal agravada de vehículos de motor, o sus partes, incendio agravado, sabotaje de servicios públicos esenciales, fuga [...]]."*

Los efectos de la pena en grado de reincidencia habitual están contemplados en el Artículo 62 (c) del Código Penal, 33 L.P.R.A. sec. 3302 (c), el cual dispone en lo pertinente que: *"en caso de reincidencia habitual, el convicto será declarado por el tribunal delincuente habitual y será sentenciado a separación permanente de la sociedad mediante reclusión perpetua."*

En *Pueblo v. Reyes Morán*, 123 D.P.R. 786, 797 (1989), el Tribunal Supremo de Puerto Rico evaluó la trayectoria del Artículo 74 del Código Penal, 33 L.P.R.A. ant. Sec. 3375, según enmendado, sobre el delincuente habitual, derogado mediante la Ley Núm. 34 del 31 de mayo de 1988. (33 L.P.R.A. secs. 3301-3302, 3351-3352 y 3391-3392, correspondientes a los Artículos 61, 62, 66, 67, 75 y 76) y resolvió que no viola la cláusula contra castigos crueles e inusitados contenida en el Artículo II, Sec. 12 de la Constitución del Estado Libre Asociado de Puerto Rico, el imponer a los delincuentes habituales una penalidad mayor. ■

El Artículo 74 disponía en lo pertinente que:

*"El convicto de delito grave que anteriormente hubiere sido sentenciado por dos o más delitos graves cometidos en tiempos diversos e independientes unos del otro, se presume que demuestra una persistente tendencia a delinquir y será declarado por el tribunal delincuente habitual y recluido para su tratamiento."*

La aplicación del Artículo 74, *supra*, hoy sustituido por el Artículo 61, *supra*, sobre la determinación de la reincidencia habitual, se configura como una norma de carácter sustantivo que autoriza la imposición de una penalidad mayor. Al evaluar la Ley Núm. 34, *supra*, que enmendó el Artículo 61 sobre la reincidencia, vemos que establece tres grados de reincidencia e incorporó como uno de los grados de reincidencia, la delincuencia habitual que estaba regulada en el Artículo 74. Su Exposición de Motivos expresa que:

*"La criminalidad es uno de los problemas que más preocupa al Pueblo de Puerto Rico. El azote del crimen ha llegado a cobrar dimensión tal que ha restringido marcadamente el ámbito de libertad de la ciudadanía con grave menoscabo al disfrute de la vida a que tienen perfecto derecho todos los ciudadanos.*

*Ante tal circunstancia, el Gobierno tiene la responsabilidad de penar con mayor severidad al convicto que recurre en la delincuencia tanto como medida punitiva como de protección social y de disuasión.*

*Para proteger a la sociedad·puertorriqueña de los delincuentes reincidentes y habituales, se aprueba esta legislación. 1988 Leyes de Puerto Rico, pág. 137."*

Se desprende de la Exposición de Motivos que la aprobación de la Ley Núm. 34 sobre reincidencia respondió a una profunda preocupación del Legislador por·el aumento alarmante de la criminalidad y el efecto de ésta sobre la vida comunitaria. Su intención fue remediar la situación imponiéndole una pena adicional al criminal que reincide en su conducta criminal. Su aplicación no depende de una evaluación fáctica adicional de la personalidad o las características del delincuente habitual. Por el contrario, depende de la existencia de dos (2) o más convicciones previas y de la identidad del acusado. Una vez se demuestra la existencia de convicciones previas, procede que se dicte sentencia de acuerdo con los parámetros establecidos en el artículo. *Pueblo v. Reyes Morán, supra*, págs. 807-808. Es decir, una vez el tribunal determina probadas las convicciones anteriores, procede que concluya que es un delincuente habitual y le imponga una condena de conformidad con los términos establecidos.

El Tribunal de Primera Instancia, al determinar que para que proceda la alegación de delincuencia habitual debe haber una primera convicción y sentencia por delito o delitos graves y subsiguientemente, otra convicción y sentencia por delito o delitos graves para que en la tercera convicción por delito o delitos graves el convicto pueda ser sentenciado bajo las disposiciones de la delincuencia habitual, utilizó como fundamento la diferencia que existe en el lenguaje del Artículo 61 para cada categoría de reincidencia. En la reincidencia simple y en la agravada, se requiere que el acusado haya sido convicto previamente de delito grave, mientas.que en la reincidencia habitual, se requiere que haya sido convicto y sentenciado. El Tribunal de Primera Instancia señaló que:

*: .."Al considerar en conjunto el. estatuto, puesto que la hermenéutica legal nos obliga a no tomar aisladamente..las..disposiciones, es claro .que el. legislador. quiso establecer una diferencia entre las disposiciones.de·reincidencia simple, agravada·y habitual, interponiendo como una de las diferencias para.que se .configure la habitualidad, el que el convicto haya sido sentenciado previamente. Y ya que el resultado que persigue .el estatuto es eminentemente punitivo,· aparejando separación permanente de la sociedad, dicha distinción no debe ser pasada por alto."* Págs. 8-9 de la Resolución.

Contrario a la interpretación que adopta el tribunal recurrido, entendemos que la explicación de la diferencia que existe en el lenguaje entre la definición de reincidencia habitual y la definición de los otros grados de reincidencia, se debe a·que provienen de dos Artículos diferentes. La categoría de reincidencia habitual fue tomada de la delincuencia habitual del derogado Artículo 74, mientras que la reincidencia simple y la agravada, son grados de reincidencia basados en el concepto de reincidencia del Artículo 61.

La definición de delincuencia habitual del Artículo 74 utilizaba la frase convicto y sentenciado y esa frase fue mantenida en la reincidencia habitual, mientras que la definición de reincidencia del Artículo 61 sólo utilizaba el concepto convicto. Sin embargo, en el historial del Artículo 74 nada hay que indique era requisito para la declaración de delincuencia habitual que las sentencias de los delitos anteriores fueran de fechas diferentes. Lo determinante era que los delitos hubieren sido *"cometidos en tiempos diversos e independientes unos de otros."*

Al evaluar el historial legislativo de la Ley Núm. 34, vemos en el informe de.la Comisión de lo Jurídico del Senado el propósito de la medida:

*"En esta media se transfieren todas las disposiciones relativas a la delincuencia habitual del Capítulo de Medidas de Seguridad al Capítulo del Código Penal que reglamenta las penas. También se establecen tres*

*grados de reincidencia: la simple, la agravada y la habitual. La simple ocurrirá cuando se comete nuevamente un delito grave y tiene el efecto de aumentar en la mitad la pena fija para el delito. La agravada ocurrirá cuando el convicto que ha cometido anteriormente dos delitos graves en tiempo diversos e independientes incurre en otro delito grave. El efecto de este tipo de delito de reincidencia, será una sentencia fija de veinte años naturales o del doble de la pena fija con circunstancias agravantes, lo que fuere mayor.*

*Según la presente medida, habrá reincidencia habitual cuando el convicto de los delitos que se enumeran en el proyecto, anteriormente había cometido dos o más delitos graves en tiempos diversos e independientes. El efecto de la reincidencia habitual será la separación permanente de la sociedad mediante reclusión perpetua. La Junta de Libertad Bajo Palabra asume jurisdicción cuando el convicto ha cumplido treinta años naturales de reclusión.*" (Enfasis suplido.)

Este historial nos permite concluir que la intención legislativa fue considerar como determinante, para fines de la reincidencia habitual, el número de veces que el acusado delinquió, el que los delitos previos fueran cometidos en fechas distintas, que se trate de delitos independientes uno de otros, y que el tercer delito sea uno de los enumerados. Nada hay en el historial, ni el lenguaje de la Ley, que indique que las fechas de las sentencias fueron consideradas como un factor determinante, especialmente, cuando se sabe que la fecha del acto de dictar sentencia muchas veces responde a una mera conveniencia administrativa o a la conveniencia de las partes. En el caso ante nos, la consolidación de los cargos obedeció al deseo del recurrido de hacer alegación de culpa y se dictara sentencia en el mismo acto.

La interpretación dada por el Tribunal de Primera Instancia a la reincidencia habitual, es contraria a la intención clara del Legislador. Restringe indebidamente el poder inherente de la Asamblea Legislativa de imponer una penalidad adicional a quien comete un tercer delito grave de los enumerados en el Artículo 61, a pesar de haber sido convicto y sentenciado previamente por dos o más delitos graves cometidos de manera independiente. Tal interpretación no debe prevalecer.

Con estos antecedentes, se expide el auto solicitado y se revoca la resolución recurrida.

Notifíquese.

Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

**ESCOLIO 2001 DTA 174**

1. El recurrido alega a la pág. 8 de su escrito que permitir la posición del Procurador sería un castigo cruel e inusitado.